UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| STEPHEN J. GUZA, | : | Case No. 5:24-01353 – MJC |
| MELODY GUZA, | : | |
| | : | |
| Debtors. | : | |

## MEMORANDUM

Before the Court is Debtors' Motion to Extend Automatic Stay as to All Creditors ("Motion to Extend Stay"). The issue here is whether a debtor is eligible to be a debtor when the debtor had a prior bankruptcy case that was dismissed less than 180 days prior pursuant to the debtor's motion for voluntary dismissal and after a request for relief from the automatic stay had been filed in the dismissed case.

For the reasons set forth below, the Court finds that Debtors are not eligible to be debtors pursuant to 11 U.S.C. §109(g)(2). Accordingly, the Court will deny the Motion to Extend Stay and enter an order to show cause why the case should not be dismissed.

### I. Procedural and Factual Background

A. **Debtors' Prior Case**

On September 24, 2020, Stephen J. Guza and Melody Guza ("Debtors"), through counsel, filed a voluntary Chapter 13 bankruptcy petition at Case No. 5:20-bk-2814-MJC ("Prior Case"). Debtors' Chapter 13 Plan was confirmed on January 7, 2021.

On September 8, 2023, Debtors' mortgage lender filed a Motion for Relief from the Automatic Stay ("Motion for Relief") relating to certain post-petition payment defaults on their

mortgage loan. The Motion for Relief was settled via a stipulation and approved by the Court by Order dated September 27, 2023. The mortgage lender filed a Certificate of Default and on January 10, 2024, the Court entered an Order granting relief from the automatic stay.

Seven (7) days later, on January 17, 2024, Debtors filed a voluntary Motion to Dismiss and on January 18, 2024, the Court entered the Order dismissing Debtors' Chapter 13 case.

### B. Debtors' Current Case

On May 31, 2024, Debtors filed a second voluntary Chapter 13 bankruptcy petition. Dkt. # 1. Debtors also filed the Motion to Extend Stay. Dkt. # 10. The Motion to Extend Stay was accompanied by an Affidavit from Debtors which indicated that the Prior Case was dismissed because Debtor 1 had lost substantial part-time income that has now been replaced with income from new sources. No objections were filed to the Motion to Extend Stay.

The Court held a hearing on the Motion to Extend Stay on June 25, 2024. Debtors did not appear to testify. The Court questioned Debtors' Counsel as to why §109(g)(2) would not apply and gave counsel an opportunity to brief the issue. Counsel filed his brief on July 1, 2024. Dkt. # 19. The Motion to Extend Stay is now ripe for disposition.

## II. Discussion

### A. 11 U.S.C. §109(g)(2)

The relevant subsection of §109(g) states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> > (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

2

11 U.S.C. §109(g)(2). A plain reading of this section would preclude a debtor from being a debtor for 180 days, if in a prior case, a request for stay relief was filed and the debtor subsequently dismisses the case.

However, Debtors argue that some Courts have interpreted §109(g)(2) depending on what the word "following" means. In *In re Swigert*, 601 B.R. 913 (Bankr. M.D. Pa. 2019)[1], my colleague, Chief Judge Henry W. Van Eck analyzed the various approaches and found that Courts have employed at least three (3) different methods to determine the meaning of the word "following." This Court will not repeat Judge Van Eck's discussion but will merely highlight the three (3) different approaches:

    1. <u>Strict Construction.</u> In §109(g)(2), the word "following" means "subsequent to" and is a purely temporal finding that the voluntary dismissal was obtained after the filing of a motion for relief. *Id.* at 921; *see also In re La Granja, 240, L.P.*, 636 B.R. 801, 804, n. 2 (Bankr. C.D. Cal. 2022) (collecting cases).

    2. <u>Intended Purpose/Legislative Intent.</u> Courts have found the strict construction of the text approach may be capable of producing an absurd result where the voluntary dismissal had no relationship to the creditor's request for relief and, instead, will find that §109(g)(2) applies where the Court determines that the debtor's dismissal was an abusive tactic that the legislators sought to prevent. *Swigert*, 601 B.R. at 922.

    3. <u>Causal Connection.</u> Under this interpretation, Courts have found that the word "following" means "as a consequence of" and that §109(g)(2) applies where there is a causal connection between the debtor's voluntary dismissal and the creditor's request for relief. *Id.* at 922-23.

Judge Van Eck adopted the third approach – Causal Connection – finding that this method "assumes the best aspects of the strict and purposive approaches, while managing to avoid each of their pitfalls." *Id.* at 923. This Court shall similarly employ the "Causal Connection" approach.

---

[1] Although Judge Van Eck analyzed several interpretations of §109(g)(2), he found that it was not applicable as the debtor in *Swigert* had two cases open at the same time and the first case was still open at the time of the filing of the second case. *Id.* at 924.

In the case *sub judice*, a review of the dockets leads to the clear conclusion that the granting of relief was the determining factor for Debtors' voluntary dismissal of the Prior Case. The Prior Case had been pending since 2020. Debtors' mortgage lender filed its Motion for Relief in September 2023. The Court approved the stipulation resolving the Motion for Relief on September 27, 2023. Debtors defaulted under the terms of the stipulation and the mortgage lender filed a Certificate of Default. On January 10, 2024, the Court granted relief from the automatic stay. Seven days later, Debtors moved to voluntarily dismiss, and the case was dismissed the next day.

The timing of the voluntary dismissal seven days after relief was granted, is obviously causally connected to the relief from stay being entered. Although Debtors indicate that the voluntary dismissal was due to the loss of a part time job, this Court finds that application of §109(g)(2) would be warranted under all three of the approaches discussed above.

**III. Conclusion**

For the reasons stated above, the Motion to Extend Automatic Stay as to All Creditors will be denied. Furthermore, the Court will enter an order to show cause why this Chapter 13 case should not be dismissed as Debtors are not eligible to be debtors pursuant to 11 U.S.C. §109(g)(2).

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: July 25, 2024